IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2008 FEB -5  A 9:52

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

Peggy Jenkins,                     )       C. A. No. 2:06-3151-CWH-RSC
                                   )
              Plaintiff,           )
                                   )
         -versus-                  )       **REPORT AND RECOMMENDATION**
                                   )
Medical University of South        )
Carolina,                          )
                                   )
              Defendant.           )

This employment discrimination action with an appended breach of contract cause of action is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion for summary judgement.  28 U.S.C. § 636(b).

The plaintiff, Peggy Jenkins, sued her former employer, Medical University of South Carolina (MUSC) on October 9, 2006, in the Court of Common Pleas, County of Charleston, and the defendant removed the action from that court on November 7, 2006. Plaintiff filed an amended complaint on March 1, 2007, and asserted that MUSC discriminated against her because of her African American race and retaliated against her, both in violation of 42 U.S.C. §1981.  Additionally Jenkins brought a breach of contract claim in which she asserted that MUSC hid the fact that she had been demoted in violation of her contractual right to timely grieve her demotion.

1

MUSC filed the instant motion for summary judgment on September 24, 2007, and Jenkins filed an opposition on October 13, 2007.  Oral argument on the motion was had before the undersigned on October 16, 2007.

Plaintiff, in her brief in opposition to the defendant's summary judgment motion and at oral argument, conceded that §1981 claims will not lie against a state entity in light of Jett v. Dallas Independent School Dist., 491 U.S. 701 (1989).  Therefore, it is recommended that MUSC's motion for summary judgment on Plaintiff's civil rights causes of action pursuant to 42 U.S.C. § 1981 be granted.

Next, as it appears that the federal claims should be dismissed, it is further recommended that the court decline to exercise supplemental jurisdiction over the sole remaining state law claim breach of contract claim pursuant to 28 U.S.C. § 1367(c) and dismiss the claim without prejudice to its being refiled in state court.  The period of limitations for this supplemental state law claim has been tolled while it has been pending in federal court.  See, Jinks v. Richland County, S.C., 538 U.S. 456, 463-464 (2003)(noting 28 U.S.C. 1367(d) assures that supplemental state law claims will not become time barred while pending in federal court).  Upon dismissal of the remaining state claim, Plaintiff will have least thirty (30) days to file these claims in state court.  See, 28 U.S.C. § 1367(d) (stating

2

"[t]he period of limitations for any [supplemental state] claim ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period.").

Here, the parties vigorously dispute whether Plaintiff filed within the limitations period at all.  If Plaintiff refiles within thirty (30) days, that question can be litigated in state court[1] and the plaintiff will not be prejudiced by this court's decision to decline to exercise supplemental jurisdiction over her remaining state law claim.

### CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendant's motion for summary judgment be granted on the two § 1981 causes of action, and that the breach

---

[1] The protection that §1367(d) provides plaintiff against a potential statute of limitations defense in state court is not insignificant.  As one federal district court has explained: "An adverse impact that might result from the dismissal of state law claims pre-§ 1367 would be the inability to assert the claims in state court as a result of the running of the applicable statute of limitations.  The potential statute of limitations problem has been eliminated by the provisions 28 U.S.C. § 1367(d), which tolls the running of the limitations while the pendent claims have been pending in this court and for a period of thirty days after they are dismissed, unless state law provides for a longer tolling period.  Lewis v. Law-Yone, 813 F.Supp. 1247, 1257 (N.D. Tex. 1993).

3

of contract cause of action be dismissed with leave to refile it
in state court.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
February ___, 2008

4