# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Peggy Jenkins, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:06-3151-CWH |
| ) | |
| vs. ) | |
| ) | |
| Medical University of South Carolina, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Peggy Jenkins ("Jenkins") filed this employment discrimination action pursuant to 42 U.S.C. § 1981, alleging that she was wrongfully demoted in violation of federal and state law. She brings two claims for violations of 42 U.S.C. § 1981: (1) race discrimination and (2) retaliation. Jenkins also alleges a state law breach of contract claim against the Medical University of South Carolina ("MUSC").

I.    Plaintiff's Allegations

Jenkins was hired as a full-time employee by MUSC in 1981.[1]  In 1996, the Department of Labor ("DOL") completed a routine audit of MUSC's various pay and employment practices.[2] During the routine audit, the DOL concluded that Jenkins was wrongfully rejected for a promotion in favor of a white applicant.  As a result, the DOL required MUSC to give Jenkins a

---

[1] Prior to being hired for a full-time position, Jenkins worked as a temporary employee.

[2] DOL audited all of MUSC's departments and was not focused on Jenkins alone.  At Jenkins' deposition, she testified that she did not have any knowledge of the audit, other than being informed that she would receive a pay raise and back pay as a result of the audit.

position and a rate of pay comparable to the position for which she had been rejected.[3] To comply with the DOL's requirement, MUSC restructured the plaintiff's job and increased her pay accordingly. MUSC apportioned the plaintiff's duties between two separate units: the Children's Hospital and the Department of Pediatrics. According to the plaintiff, this resulted in her position being "split funded," which meant that she was paid out of the budgets of the two different departments. Jenkins asserts that she worked as an Administrative Specialist II in the Department of Pediatrics and as a Program Coordinator in Clinical Services at the Children's Hospital.

On July 1, 2000, new state legislation went into effect that established the Medical University Hospital Authority ("MUHA") as a state entity separate from MUSC.[4] This legislation separated the operation of the Children's Hospital from MUSC. Thereafter, Jenkins stopped performing duties in the Children's Hospital and only worked in the Department of Pediatrics. Jenkins asserts that this shift in her duties was a demotion because her position as the Program Coordinator in Clinical Services at the Children's Hospital was a higher position than her position as Administrative Specialist II in the Department of Pediatrics.[5] After Jenkins started to work exclusively in the Department of Pediatrics, she did not receive a reduced salary. Jenkins received a pay raise in August of 2000 and has received multiple raises since that time.

Jenkins claims that she complained to MUSC about race discrimination and that she was retaliated against as a result of her complaints. Jenkins alleges that because of her complaints,

---

[3] There were other individuals who received additional compensation as a result of the DOL audit.

[4] S.C. Code Ann. § 59-123-60

[5] MUSC disagrees with Jenkins on this issue. It asserts that Jenkins never had either title.

she has suffered unwarranted discipline, has been required to use sick and vacation time when other employees have not, and has been unfairly evaluated.

II.     Procedural History

On October 9, 2006, this action was originally filed in the Charleston County Court of Common Pleas.  On November 6, 2006, the defendant timely removed the action to this Court.  On March 1, 2007, the plaintiff amended her complaint.  On March 6, 2007, MUSC answered the amended complaint.  On September 24, 2007, the defendant moved for summary judgment as to all of the plaintiff's claims.  On October 13, 2007, Smith responded in opposition to the defendant's motion for summary judgment.  On February 5, 2008, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") issued a report analyzing the issues and recommending that the defendant's motion for summary judgment be granted as to the two 42 U.S.C. § 1981 causes of action and that the breach of contract cause of action be dismissed with leave to refile it in state court.  On February 25, 2008, the plaintiff made a timely objection to the report and recommendation, pursuant to 28 U.S.C. § 636(b)(1).

This Court is charged with making a *de novo* determination of any portions of the magistrate judge's recommendation to which specific objection is made.  *See* 28 U.S.C. § 636(b).  The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions.  Matthews v. Weber, 423 U.S. 261, 270-71 (1976).  The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings.  Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985).  The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

III.     Standard for Deciding a Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. U.S. v. Diebold, Inc., 269 U.S. 654, 655 (1962).

IV.     Plaintiff's Objections

The plaintiff concedes that her 42 U.S.C. § 1981 claims will not lie against a state entity in light of Jett v. Dallas Independent School Dist., 491 U.S. 701, 733 (1989). MUSC is an agency of the State of South Carolina. *See* Medical Soc. of S.C. v. Medical Univ. of S.C., 513 S.E.2d 352, 357 (S.C. 1999). Therefore, only the plaintiff's state law breach of contract claim remains. The Court has discretion, pursuant to 28 U.S.C. § 1367(c)(3), to decline to exercise supplemental jurisdiction over state law claims if the Court has dismissed all claims over which it has original jurisdiction.

The plaintiff objects to Magistrate Judge Carr's report and recommendation and argues that the state law cause of action should be remanded instead of dismissed with the option to refile it in state court. The plaintiff argues that if she is required to refile the case in state court, it will cause further time delay because the case will be reassigned a new case number and placed at the end of a master roster. Furthermore, the plaintiff argues that she should not be required to pay refiling fees.

This Court has the discretion to determine whether or not to retain, remand, or dismiss

the supplemental state law claims. *See* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); *See* 28 U.S.C. § 1367(c). In determining whether to exercise jurisdiction over the state law claim, "the federal court should consider 'principles of economy, convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.'" Hinson v. Norwest Fin. S. C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (*quoting* Carnegie-Mellon, 484 U.S. at 357). There is no evidence that the plaintiff has engaged in manipulative tactics in relation to the jurisdictional issue. Remand is in the interest of judicial economy in light of the state court's familiarity with the underlying issues and the early stages of the proceeding in this Court. The Court, therefore, concludes that this matter should be remanded to the state court, pursuant to 28 U.S.C. § 1367(c)(3).

V.     Conclusion

Accordingly, the Court adopts in part Magistrate Judge Carr's recommendation. For the reasons stated above, the Court grants the defendant's motion for summary judgment as to the federal law claims for violations of 42 U.S.C. § 1981 and remands the breach of contract claim.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

April 14, 2008
Charleston, South Carolina